OPINION
{¶ 1} The appellant, Charles Adkins, appeals the May 9, 2002 judgment entry of the Common Pleas Court of Hardin County, Ohio, sentencing him to a six-year term of imprisonment.
 {¶ 2} The relevant facts of this matter are as follows. Adkins was convicted of rape, in violation of R.C. 2907.02(A)(1)(b), on May 8, 2002, for engaging in vaginal intercourse with a twelve-year-old girl on September 29, 2001. At the time of the offense, Adkins was twenty years old. Immediately following the bench trial, wherein the trial court found him guilty, the court proceeded to sentencing. Adkins was sentenced to six years of imprisonment. This appeal followed, and Adkins now asserts one assignment of error.
 {¶ 3} "THE TRIAL COURT ABUSED ITS DISCRETION IN CONSIDERING IMPROPER SENTENCING FACTORS AGAINST APPELLANT AND IN FAILING TO CONSIDER PROPER SENTENCING FACTORS FAVORING APPELLANT."
 {¶ 4} Ohio's sentencing laws provide that when a defendant is convicted of a first degree felony, such as rape, the basic prison term is three, four, five, six, seven, eight, nine, or ten years. R.C.2929.14(A)(1). However, "if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." R.C. 2929.14(B). In addition, in determining the appropriate sentence to impose, a court must always be cognizant of the "overriding purposes of felony sentencing[,]" which are "to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.11(A). In felony sentencing, the court is also afforded "discretion to determine the most effective way to comply with the purposes and principles of sentencing[.]" R.C. 2929.12(A).
 {¶ 5} Generally, the trial court must also consider several factors enumerated in R.C. 2929.12, when applicable, in determining the seriousness of offense and the potential for recidivism. However, "[a] catchall provision in R.C. 2929.12(A) also permits the sentencing judge to consider `any other factors that are relevant to achieving those purposes and principles of sentencing.'" State v. Arnett (2000),88 Ohio St.3d 208, 213.
 {¶ 6} The trial court found that the minimum sentence would demean the seriousness of the offense and was, therefore, inappropriate. Thus, the court did not have to sentence Adkins to the minimum term of three years of imprisonment. The court further noted that it was considering the age of both the victim, twelve, and Adkins, twenty, Adkins' prior record of contributing to the delinquency of the minor, and the facts surrounding the revocation of his bond during the pendency of this action, which included his admitting that he had inappropriate contact with other young girls. Adkins maintains that the trial court should not have considered these factors. However, as previously noted, the court was permitted to consider any other factors that were relevant to achieving those purposes and principles of sentencing. The fact that at age twenty Adkins was willing to engage in intercourse with one so young, that he had a prior record involving a minor, and that he admittedly had inappropriate contact with other young girls while out on bond in this case were all relevant to the purposes of felony sentencing of protecting the public, especially other minors, and in punishing Adkins. Thus, the trial court did not err in considering them.
 {¶ 7} Adkins further contends that the trial court should have considered that the victim induced the offense, R.C. 2929.12(C)(1), and that he acted under strong provocation, R.C. 2929.12(C)(2), as well as other mitigating factors. However, the statute provides that these factors must only be considered when they apply to the offender. In this case, the fact that the twelve-year-old victim kissed Adkins first and consented to sexual intercourse with him does not lead to the conclusion that she induced the offense or that he acted under strong provocation, and any such notion is absurd. Thus, the trial court did not have to consider these factors because they did not apply to Adkins' rape of this child. In addition, the court did consider some mitigating factors. Specifically, the court found that this was not the worst form of the offense, that there was a lack of force used during the rape, and that Adkins had shown some remorse. Based upon these findings, the court chose to impose a mid-range sentence of six years rather than the maximum of ten years. Therefore, the trial court did not improperly sentence Adkins, and the assignment of error is overruled.
 {¶ 8} For these reasons, the judgment of the Common Pleas Court of Hardin County, Ohio, is affirmed.
Judgment affirmed.
 HADLEY and WALTERS, JJ., concur.